# APPENDIX B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

================================ :

UNITED STATES OF AMERICA,                    :
                          Plaintiff,          :
                                              :
                                              :
             — versus —                       :     93-cr-0180 (KTD)
                                              :
                                              :
RAMZI YOUSEF,                                 :     NOTICE OF APPEAL
                          Defendant.          :
================================ :

Notice is hereby given that RAMZI YOUSEF hereby appeals to the United

States Court of Appeals for the Second Circuit from the decision and judgment of

this Court, ,

Entered in this action on the 28th of July 2011.

Dated : Sept. 21, 2011
         White Plains, NY

                              Bernard V. Kleinman, Esq. (BK2715)
                              Attorney for Defendant YOUSEF
                              Law Office of Bernard V. Kleinman, PLLC
                              2 Gannett Drive, Suite 418
                              White Plains, NY 10604
                              Tel. 914.644.6660
                              Fax: 914.694.1647
                              Email: attrnylwyr@yahoo.com

To: David Raskin, Esq.
     Attorney for Plaintiff
     Asst. U.S. Attorney, SDNY
     1 St. Andrew's Plaza
     New York, NY 10007

                                                                              1

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
                                     :
United States of America,            :
                                     :
                                     :    93 CR 180 (KTD)
        -against-                    :
                                     :    ORDER
Ramzi Yousef,                        :
                                     :
            Respondent.              :
                                     :
-------------------------------------X

KEVIN THOMAS DUFFY, U.S.D.J.;

        I appoint Bernard V. Kleinman, as counsel from the

C.J.A. panel for this district, to represent Ramzi Yousef, the

defendant in the captioned case.


SO ORDERED.

Dated:    New York, N.Y.
          April 8, 2010


                              _____
                              KEVIN THOMAS DUFFY, U.S.D.J.

Page 2

Slip Copy, 2011 WL 3422834 (S.D.N.Y.)
(Cite as: 2011 WL 3422834 (S.D.N.Y.))

Accordingly, this Court "may decline to entertain an application for a writ of habeas corpus and may transfer the application ... to the district court having jurisdiction to entertain it." 28 U.S .C. §§ 1631. Because this Court lacks jurisdiction, it does not reach the merits of Petitioner's claims. *See Rumsfeld,* 542 U.S. at 430.

III. CONCLUSION
   *2 For the reasons set forth above, this action is transferred to the United States District Court for the District of Colorado.

   SO ORDERED.

S.D.N.Y.,2011.
U.S. v. Yousef
Slip Copy, 2011 WL 3422834 (S.D.N.Y.)

END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
==============================  :

UNITED STATES OF AMERICA,                 :

                                          :

                                          :   **93-cr-180 (KTD)**

        — *versus* —                      :

                                          :

                                          :

RAMZI YOUSEF,                             :

                                          :

        **Respondent.**                   :

==============================  :

---

# NOTICE OF APPEAL

| |
|---|
| To: <u>U.S. Attorney, S.D.N.Y.</u>, Esq. |
| Attorney for <u>United States Govt.</u> |
| <u>1 St. Andrew's Plaza</u> |
| <u>New York, NY 10007</u> |
| Tel. No. _____ |

Please Take Notice:
☐ <u>Notice of Entry</u>
that the within is a true copy of Decision/Order duly entered in the office of the clerk of the within named court on
the ___ day of_____, 2011.
    >===============================<
Pursuant to 22 NYCRR § 130.1-1-a, Certification of Non-frivolous Pleadings.

Dated: 21 Sep. 2011

                          _Bernard V. Kleinman, Esq._

---

**LAW OFFICE OF BERNARD V. KLEINMAN, PLLC**
Two Gannett Drive
Suite 418
White Plains, NY 10604
Tel. 914-644-6660
Fax: 914-694-1647
Email: *attrnylwyr@yahoo.com*

# APPENDIX C

Slip Copy, 2011 WL 3422834 (S.D.N.Y.)
**(Cite as: 2011 WL 3422834 (S.D.N.Y.))**

United States District Court,
S.D. New York.
UNITED STATES of America,
v.
Ramzi YOUSEF, Respondent.

No. 93–cr–00180 (KTD).
July 22, 2011.

*MEMORANDUM & ORDER*
KEVIN THOMAS DUFFY, District Judge.
**\*1** Petitioner Ramzi Yousef ("Petitioner") brings this petition for habeas corpus pursuant to 28 U.S.C. § 2255, claiming that the Special Administrative Measures ("SAMs") applied to him during his incarceration violate his constitutional rights.

For the reasons set forth below, the petition is DENIED for lack of jurisdiction.

I. BACKGROUND
Petitioner is currently incarcerated at the Federal Bureau of Prisons U.S.P. Administrative Maximum in Florence, Colorado, for charges related to the 1993 World Trade Center bombing and Bojinka airliner bombing plot. He is subject to SAMs, by which the Attorney General sets forth detailed conditions of confinement, pursuant to 28 C.F.R. § 501.3(a). SAMs are implemented when "there is a substantial risk that a prisoner's communications or contacts with persons could result in death or serious bodily injury to persons, or substantial damage to property that would entail the risk of death or serious bodily injury to persons." 28 C.F.R. § 501.3(a).[FN1] As of October 2001, Petitioner's SAMs are authorized for one year periods and have been renewed annually since being issued by the Justice Department in 1997.

> FN1. During his original trial in 1996 it was found that Petitioner was collecting urea in his cell. Urea was a main ingredient in the WTC bomb. Petitioner also attempted to obtain the particular type of cheap wristwatch that had been used as the timing device in the Bojinka plot.

By these measures, Petitioner is not allowed meetings with physical contact, cannot share a cell with other inmates, and is limited from communicating with other inmates. The SAMs limit the volume, frequency and permitted recipients of Petitioner's communications (oral, written or recorded) with all persons including his attorney(s); permit examination, delay, and analysis of said communications; and limit his access to publications. Petitioner previously challenged the SAMs with the Federal Bureau of Prisons, requesting both notice of the reasons for their continued application and for the SAMs to be lifted. These requests have been denied. On June 17, 2011, Petitioner filed the instant habeas petition.

II. DISCUSSION
Since Petitioner's § 2255 motion is "challenging the conditions of [his] confinement," it is properly brought as a habeas claim pursuant to 28 U.S.C. § 2241. *Jabarah v. Garcia,* No. 08 Civ. 3592(DC), 2010 WL 3834663, at \*4 (S.D.N.Y. Sept. 30, 2010) (citing *Thompson v. Choinski,* 525 F.3d 205, 209 (2d Cir. 2008)). The Supreme Court held in *Rumsfeld v. Padilla,* 542 U.S. 426 (2004), that "for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement," and that "the proper respondent "is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Id.* at 435, 443; *Drakoulis v. Ashcroft,* 356 F.Supp.2d 367, 370 (S.D.N.Y.2005). Therefore, the proper venue for Petitioner's claims is the district where he is in custody. *Jabarah,* 2010 WL 3834663, at \*3; *see also Santulli v. United States,* No. 02 Civ. 8664(SAS), 2003 WL 21488084, at \*2 (S.D.N.Y. June 25, 2003).

Accordingly, this Court "may decline to entertain an application for a writ of habeas corpus and may transfer the application ... to the district court having jurisdiction to entertain it." 28 U.S .C. §§ 1631. Because this Court lacks jurisdiction, it does not reach the merits of Petitioner's claims. *See Rumsfeld,* 542 U.S. at 430.

III. CONCLUSION
**\*2** For the reasons set forth above, this action is transferred to the United States District Court for the District of Colorado.

SO ORDERED.

END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

# APPENDIX D

Slip Copy, 2011 WL 4424334 (S.D.N.Y.)
**(Cite as: 2011 WL 4424334 (S.D.N.Y.))**

Only the Westlaw citation is currently available.

United States District Court,
S.D. New York.
UNITED STATES of America,
v.
Ramzi YOUSEF, Respondent.

No. 93–cr–00180 (KTD).
Sept. 20, 2011.

*MEMORANDUM & ORDER*

<u>KEVIN THOMAS DUFFY</u>, District Judge.

**\*1** On September 2, 2011, Petitioner Ramzi Yousef ("Petitioner") moved for reconsideration pursuant to <u>Federal Rule of Civil Procedure 60(b)</u> of this Court's July 22, 2011 Order denying his petition for habeas corpus. For the following reasons, the motion is DENIED.

The fact that a party disagrees with a court's decision is not a basis for reconsideration, *see, e.g.,* <u>R.F.M.A.S., Inc. v. So, 640 F.Supp.2d 506, 512–13 (S.D.N.Y.2009)</u>; to justify reconsideration, a party must show "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." <u>*Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.,* 956 F.2d 1245, 1255 (2d Cir.1992)</u>. In turn, Petitioner has failed to show that there were any issues of fact or law that the Court overlooked. The case law cited by Petitioner in his motion does not alter this Court's conclusion that Petitioner's habeas petition challenges the conditions of his confinement, and thus, the only proper jurisdiction lies in the district of his confinement.

Second, Petitioner's motion is untimely under Southern District of New York Local Rule 6.3, which provides that a motion for reconsideration must be served within fourteen days after entry of the challenged order. Petitioner's failure to move for reconsideration within this time period "is by itself a sufficient basis for denial of the motion." *Grand River Enters.* <u>Six Nations, Ltd. v. King, 02 Civ. 5068, 2009 U.S. Dist. LEXIS 52600, at \*52, 2009 WL 1739893 (S.D.N.Y. June 16, 2009)</u>. While a court may treat a motion for reconsideration filed outside of Local Rule 6.3's fourteen day period as a motion made pursuant to

<u>Rule 60(b)</u>, *id.* at \*53 n. 1, Petitioner has not presented any grounds to justify reconsideration.

For the foregoing reasons, Petitioner's motion for reconsideration is DENIED.

SO ORDERED.

S.D.N.Y.,2011.
U.S. v. Yousef
Slip Copy, 2011 WL 4424334 (S.D.N.Y.)

END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

# APPENDIX E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                    :
United States of America,           :
                                    :
                                    :   93 CR 180 (KTD)
       -against-                    :
                                    :   ORDER
Ramzi Yousef,                       :
                                    :
             Respondent.            :
                                    :
------------------------------------X

KEVIN THOMAS DUFFY, U.S.D.J.:

       I appoint Bernard V. Kleinman, as counsel from the

C.J.A. panel for this district, to represent Ramzi Yousef, the

defendant in the captioned case.


SO ORDERED.

Dated:    New York, N.Y.
          April 6, 2010


                              KEVIN THOMAS DUFFY, U.S.D.J.

| 1. CIR./DIST./DIV. CODE | 2. PERSON REPRESENTED | VOUCHER NUMBER |
|---|---|---|
| NYS NC | Yousef, Ramzi Ahmed | |

| 3. MAG. DKT./DEF. NUMBER | 4. DIST. DKT./DEF. NUMBER 1:93-000180-004 | 5. APPEALS DKT./DEF. NUMBER | 6. OTHER DKT. NUMBER |
|---|---|---|---|

| 7. IN CASE/MATTER OF (Case Name) U.S. v. Yousef | 8. PAYMENT CATEGORY Felony | 9. TYPE PERSON REPRESENTED Adult Defendant | 10. REPRESENTATION TYPE (See Instructions) Habeas Corpus |
|---|---|---|---|

**11. OFFENSE(S) CHARGED** (Cite U.S. Code, Title & Section) If more than one offense, list (up to five) major offenses charged, according to severity of offense.
1) 18 844I.F -- PENALTIES - IF DEATH RESULTS

**12. ATTORNEY'S NAME** (First Name, M.I., Last Name, including any suffix) AND MAILING ADDRESS

Kleinman, Bernard V.
2 Gannett Drive
Suite 418
White Plains NY 10604-3404

Telephone Number: (914) 644-6660

**14. NAME AND MAILING ADDRESS OF LAW FIRM** (only provide per instructions)

**13. COURT ORDER**

☒ O Appointing Counsel   ☐ C Co-Counsel
☐ F Subs For Federal Defender   ☐ R Subs For Retained Attorney
☐ P Subs For Panel Attorney   ☐ Y Standby Counsel

Prior Attorney's Name: _____
Appointment Date: _____

☐ Because the above-named person represented has testified under oath or has otherwise satisfied this court that he or she (1) is financially unable to employ counsel and (2) does not wish to waive counsel, and because the interests of justice so require, the attorney whose name appears in Item 12 is appointed to represent this person in this case, or
☐ Other (See Instructions)

Signature of Presiding Judicial Officer or By Order of the Court

04/08/2010    NP (KTS)
Date of Order            Nunc Pro Tunc Date

Repayment or partial repayment ordered from the person represented for this service at time of appointment.   ☐ YES   ☐ NO

| CLAIM FOR SERVICES AND EXPENSES | | FOR COURT USE ONLY | | | |
|---|---|---|---|---|---|
| CATEGORIES (Attach itemization of services with dates) | HOURS CLAIMED | TOTAL AMOUNT CLAIMED | MATH/TECH ADJUSTED HOURS | MATH/TECH ADJUSTED AMOUNT | ADDITIONAL REVIEW |
| 15. In Court — a. Arraignment and/or Plea | | | | | |
| b. Bail and Detention Hearings | | | | | |
| c. Motion Hearings | | | | | |
| d. Trial | | | | | |
| e. Sentencing Hearings | | | | | |
| f. Revocation Hearings | | | | | |
| g. Appeals Court | | | | | |
| h. Other (Specify on additional sheets) | | | | | |
| (Rate per hour = $ )   TOTALS: | | | | | |
| 16. Out of Court — a. Interviews and Conferences | | | | | |
| b. Obtaining and reviewing records | | | | | |
| c. Legal research and brief writing | | | | | |
| d. Travel time | | | | | |
| e. Investigative and Other work (Specify on additional sheets) | | | | | |
| (Rate per hour = $ )   TOTALS: | | | | | |
| 17. Travel Expenses (lodging, parking, meals, mileage, etc.) | | | | | |
| 18. Other Expenses (other than expert, transcripts, etc.) | | | | | |
| GRAND TOTALS (CLAIMED AND ADJUSTED) | | | | | |

**19. CERTIFICATION OF ATTORNEY/PAYEE FOR THE PERIOD OF SERVICE**
FROM _____ TO _____

**20. APPOINTMENT TERMINATION DATE IF OTHER THAN CASE COMPLETION**

**21. CASE DISPOSITION**

**22. CLAIM STATUS**   ☐ Final Payment   ☐ Interim Payment Number _____   ☐ Supplemental Payment
Have you previously applied to the court for compensation and/or reimbursement for this case?   ☐ YES   ☐ NO   If yes, were you paid?   ☐ YES   ☐ NO
Other than from the court, have you, or to your knowledge has anyone else, received payment (compensation or anything of value) from any other source in connection with this representation?   ☐ YES   ☐ NO   If yes, give details on additional sheets.
I swear or affirm the truth or correctness of the above statements.

Signature of Attorney: _____   Date: _____

| APPROVED FOR PAYMENT — COURT USE ONLY | | | | |
|---|---|---|---|---|
| 23. IN COURT COMP. | 24. OUT OF COURT COMP. | 25. TRAVEL EXPENSES | 26. OTHER EXPENSES | 27. TOTAL AMT. APPR / CERT |
| 28. SIGNATURE OF THE PRESIDING JUDICIAL OFFICER | | | DATE | 28a. JUDGE / MAG. JUDGE CODE |
| 29. IN COURT COMP. | 30. OUT OF COURT COMP. | 31. TRAVEL EXPENSES | 32. OTHER EXPENSES | 33. TOTAL AMT. APPROVED |
| 34. SIGNATURE OF CHIEF JUDGE, COURT OF APPEALS (OR DELEGATE) Payment approved in excess of the statutory threshold amount. | | | DATE | 34a. JUDGE CODE |

# APPENDIX F

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

================================ :

**UNITED STATES OF AMERICA,**

                        :

                        :

                        :

— *versus* —            :        **93-cr-00180 (KTD)**

                        :

                        :        **Notice of Motion**

**RAMZI YOUSEF,**        :

           **Defendant.**     :

================================ :

    PLEASE TAKE NOTICE that the above named defendant, RAMZI YOUSEF, by and through his attorney of record Bernard V. Kleinman, Esq., will move this Court before the Hon. Kevin Duffy, United States District Judge, Southern District of New York, in the United States Courthouse at 500 Pearl Street, New York, NY 10007, at a time that is convenient to the Court for an order:

1. Re-considering the court's Decision and Order of 22 July 2011, pursuant to F.R.Civ.P. 60(b)(1); and

2. for such further relief as this Court shall deem just and proper.

Dated: White Plains, NY
       September 2, 2011

                  Yours, *etc.*,

                  BERNARD V. KLEINMAN, ESQ.
                  Attorney for Defendant Yousef
                  LAW OFFICE OF BERNARD V. KLEINMAN, PLLC
                  2 Gannett Drive
                  Suite 418
                  White Plains, NY 10604

1
2
3
4   To:      Hon. Kevin Duffy
5            United States District Judge
6            Southern District of New York
7
8            David Raskin, Esq.
9            Assistant U.S. Attorney, S.D.N.Y.
10
11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
================================== :

UNITED STATES OF AMERICA,        :

                                 :

                                 :

                                 :

— *versus* —                     :        93-cr-00180 (KTD)

                                 :
                                          **Declaration & Memor-**
                                 :        **andum of Law in**
                                          **Support of Motion**
RAMZI YOUSEF,                    :
              **Defendant.**      :
================================== :

STATE OF NEW YORK}
COUNTY OF WESTCHESTER}
SOUTHERN DISTRICT OF NEW YORK}        *s.s.*:


   Bernard V. Kleinman, Esq., pursuant to Title 28 United States Code

Section 1746, hereby declares, under penalty of perjury, that he is the

attorney of record for the named defendant, Ramzi Yousef, and, in that

capacity, he makes this declaration in support of the relief sought in the

annexed Notice of Motion. The statements asserted as facts herein are based

upon your Affirmant's examination of the indictment, and complaint, and all

such other material provided by the Government, upon his conversations

with the defendant, and upon his review of the record and discovery

provided to date, and all proceedings previously had hereto.  All matters

about which Affirmant lacks personal knowledge are asserted herein as being upon information and belief.

1. The Petitioner was indicted in (S12) 93-cr-180, in the Southern District of New York, charging him with the 1993 bombing of the World Trade Center, and the "Bojinka" Plot to destroy a number of U.S. flag aircraft while in flight.

2. In 1996 the Petitioner was tried, in two separate trials, on these cases and convicted of all charges.

3. The convictions were affirmed by the Second Circuit in 2003. See *United States v. Yousef*, 327 F.3d 56 (2d Cir. 2003), *cert. denied* 540 U.S. 993 (2003).

4. Since the date of the Petitioner's conviction he has been incarcerated at U.S.P. Administrative Maximum, in Florence, CO.   This is the Federal Bureau of Prisons' "supermax" facility.

5. Since in or around 1996 the Petitioner has been subject to Special Administrative Measures, issued pursuant to 28 C.F.R. § 501.3.   These "SAMs" have been re-upped annually since Petitioner's incarceration; the most recent re-newal taking place in or around November 2010.  The SAMs have a one year limitation before they must be re-newed by the Attorney General, or his designee.

6. In or around April 8th, 2010, this Court appointed counsel herein, pursuant to the Criminal Justice Act. See order of this Court dated April 08, 2010, Docket Entry No. 827, annexed hereto as **Exhibit A**.

7. On or about September 8th, 2010, the Court was informed that the CJA assignment referenced above was for the likely purpose of challenging the Special Administrative Measures. See Docket Entry No. 829, under seal.

8. On or about January 10th, 2011, Counsel requested form the Court, in anticipation of the lengthy nature of the habeas case challenging the SAMs (a) permission to file interim vouchers, and (b) permission to retain the services of a para-legal. Both of these requests were granted by the Court. See prior order of the Court, Docket Entry No. 830.

9. On or about June 17th, 2011, Petitioner did, by and through counsel herein, file his habeas corpus Petition, accompanying Memorandum of Law, and Exhibits, with this Court, and did serve a copy upon the Office of the U.S. Attorney for the Southern District of New York. See 93-cr-180, District Court Docket Entry No. 841.

10. Notwithstanding that the Government never responded to Yousef's Petition for relief, this Court, on or about July 22d, 2011, issued a four page Decision and Order, dismissing Yousef's Petition, and transferring the matter to the U.S. District Court for the District of Colorado. *United States*

[3]

1   *v. Yousef*, 2011 WL 3422834 (S.D.N.Y. 2011), annexed hereto as **Exhibit B**.

2   The Court here relying upon the decision in *Rumsfeld v. Padilla*, 542 U.S.

3   426 (2004), holding that habeas petitions challenging conditions of

4   confinement must be filed in the district in which the inmate is incarcerated.

5   *Id.* at 435, 436, cited to at 2011 WL 3422834 at *1. The Court further cited

6   to *Jabarah v. Garcia*, 2010 WL 3834663 (S.D.N.Y. 2010).

7       11. Both of these cases are inapposite and provide no precedent for the

8   specific claims and cause[s] of action raised by Petitioner Yousef. In

9   *Jabarah, supra*, the inmate, incarcerated at the same facility as Yousef, filed

10   a *pro se* civil rights petition challenging the SAMs as administered to him.

11   More specifically, his claims were directed at the effect of the SAMs as

12   imposed him, and how they allegedly impeded and infringed upon his

13   constitutional rights. His complaint went through a laundry list of violations

14   of the Constitution that the SAMs effected, including the First, Fourth, Fifth,

15   Sixth and Eighth Amendments.* Sitting by designation, Judge Chin ruled

---

* The court summarized Jabarah's enumerated claims as follows,

   The first amended complaint alleges that the application of SAMs, and in particular the delay and/or seizure of his mail, violates Jabarah's constitutional rights. (*Id.* 30-45). First, he claims that the SAMs violate his First Amendment rights because the restrictions deprive him of freedom of speech, the right to petition the government for redress of grievances, freedom of expression, freedom of association, and the right to receive information consistent with his status as a prisoner. (*Id.* 31). Second, he claims that the SAMs violate his Fourth Amendment rights because the restrictions deprive him of the right to be free from unreasonable searches

1   that (1) the proper vehicle for an inmate to challenge his conditions of

2   confinement is a *habeas corpus* petition, (2) the proper venue to bring such a

3   suit is in the district of confinement, and (3) the proper respondent is the

4   inmate's immediate custodian, *i.e.*, the warden of the particular facility. *Id.*

5   at *4. Judge Chin, thus found that the suit must be brought in the District of

6   Colorado, and that the appropriate respondent would be the warden of USP

7   Administrative Maximum.   The suit was therefore dismissed, without

8   prejudice, as to all of the named defendants, with the Petitioner having the

9   right to commence the action in the District of Colorado. *Id.* at *5.[†]

10   12. In *Padilla*, *supra*, the petitioner was seized by law enforcement

11   authorities as he deplaned in Chicago from a flight originating in Pakistan.

12   After being transported to New York, and held at the Metropolitan

---

and seizures. (*Id.* 35). Third, he claims that the SAMs violate his Fifth Amendment rights because the SAMs deprive him of due process and equal protection of the law as compared to fellow prisoners not under the SAMs. (*Id.* ¶ 38). Fourth, he claims that the SAMs violate his Sixth Amendment rights because the SAMs deprive him of his right to counsel. (*Id.* ¶ 41). Finally, he claims that defendants exhibited deliberate indifference to the impact of the SAMs on his health, and that the enforcement of SAMs violates his Eighth Amendment right to be free from cruel and unusual punishment. (*Id.* ¶ 44). He argues that the SAMs are "atypical, very unreasonable, and a significant hardship." (*Id.* 23).
2010 WL at 3834663 *2.

[†] Judge Chin did allow the suit to proceed on the issue of personal liability and money damages as to the named Defendants in the Southern District of New York. *Ibid.*

1    Correctional Center, a determination was made that he was "an enemy

2    combatant". As a result thereof Padilla was turned over to Department of

3    Defense personnel and then transferred to the U.S. Navy Brig in Charleston,

4    SC.   His CJA appointed counsel then commenced a *habeas* suit, in the

5    Southern District of New York, alleging that he was being held in violation

6    of the First, Fifth, and Sixth Amendment, and the Suspension Clause of the

7    Constitution. Art. I, sec. 9, cl. 2. Named as respondents were the President,

8    the Secretary of Defense, and the actual commander of the brig in South

9    Carolina.   Without reaching the merits of Padilla's claims, the Supreme

10   Court ruled that the language of the federal habeas statute makes clear that

11   the properly named respondent in a habeas petition is the party who has

12   custody and control over the petitioner. 542 U.S. at 434-35. The Court, in a

13   five to four opinion, stated that, in accord with the both the statute and

14   established precedent, any challenge to the conditions of confinement must

15   name, as respondent the person who, for all practical purposes holds the

16   keys to the inmate's cell, *i.e.*, the warden or other official in direct charge of

17   the place of confinement, *viz.*

18       longstanding practice confirms that in habeas challenges to
19       present physical confinement - "core challenges" - the default
20       rule is that the proper respondent is the warden of the facility
21       where the prisoner is being held, not the Attorney General or
22       some other remote supervisory official.

23   *Id*. at 435. Emphasis added.

13. The high Court summed up its ruling by stating that, in the end, Padilla's challenge was a simple one challenging the validity of his being held in custody against his will. Nothing else. *Id.* at 441.[‡] Under such circumstances, the appropriate respondent is, as noted above, the Commandant of the Navy Brig in Charleston, SC.[§]

14. In the case at bar, the important distinction is that Yousef does not challenge the issue of custody, in the sense of seeking his release therefrom. Rather, he challenges the underlying basis his being held under a certain set of conditions (mind you, not the actual conditions themselves). See discussion *infra*. The point is that this is what can properly be termed "a non-core *habeas* case". That is, one on which the federal habeas statute is being applied to other than the issue of challenging the actual physical

---

[‡] The Supreme Court, in *Padilla*, noted the exception to the physical custody rule, *i.e.*, a core *habeas* petition, that had previously been elucidated in *Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484 (1973). In *Braden*, the peitioner brought *habeas* suit against the state court that had issued a detainer against him, *in futuro*. The Supreme Court upheld his choice of respondent (the issuing court and not his actual physical custodian) reasoning that Braden was not actually challenging his present physcial confinement but, rather, a prospectivce confinement (by way of detainer) issued by the respondent state court. 410 U.S. at 495. See *Padilla*, 542 U.S. at 438-39.

In accord see *Kholyavskiy v. Achim*, 443 F.3d 946, — n. 6 (7th Cir. 2006).

[§] In the majority's own language,

> While Padilla's detention is undeniably unique in many respects, it is at bottom a simple challenge to physical custody imposed by the Executive- the traditional core of the Great Writ.

1    custody of the petitioner.  *See, e.g., Farez-Espinoza v. Chertoff*, 600 F.

2    Supp.2d 488, 493-94 (S.D.N.Y. 2009) (*Padilla* not controlling in

3    immigration cases); *Abner v. Secretary of Dep't of Homeland Security*, 2006

4    WL 1699607 (D. Conn. 2006) (*Padilla* not controlling, regarding naming of

5    actual custodian in immigration deportation case, *id*. at *3); *Somir v. United*

6    *States*, 354 F. Supp.2d 215, 217 n. 2 (E.D.N.Y. 2005), and cases cited

7    therein.  When the challenge is a non-core *habeas* filing (*i.e.*, where the

8    *habeas* petition "challenge[s] something other than present physical

9    confinement, . . .", *Deng v. Garcia*, 352 F. Supp.2d 373, 375 (E.D.N.Y.

10   2005)) then *Padilla* is not controlling, and the properly named respondent is

11   the party responsible for the challenged act.  *See, e.g., Shehnaz v. Ashcroft*,

12   2004 WL 2378371 (S.D.N.Y. 2005), holding that a non-core *habeas* petition

13   that challenges the underlying decision of the immigration judge is not

14   bound by *Padilla*; *id*. at *4.  In accord see *Hoyt v. Holder*, 2011 WL

15   1143043 at *2 (S.D.N.Y. 2011); *King v. Ashcroft*, 2005 WL 503936 at *2

16   (E.D.N.Y. 2005).  See also *In re Guantanamo Detainee Litigation*, 04-cv-

17   1254 (D.D.C. 2008) (*Padilla* not binding in challenges to conditions of

18   confinement of Gitmo detainees).  See generally *Boumediene v. Bush*, 553

19   U.S. 723, 791-92 (2008).

15. Significantly, operative to the Court's ruling in *Padilla* was its prior precedent in *Braden, supra*. As the Supreme Court made clear in *Padilla*, in discussing *Braden, supra*,

> Under *Braden,* then, a habeas petitioner who challenges a form of "custody" other than present physical confinement may name as respondent the entity or person who exercises legal control with respect to the challenged "custody." But nothing in *Braden* supports departing from the immediate custodian rule in the traditional context of challenges to present physical confinement. * * *. To the contrary, *Braden* cited *Wales*[ *v. Whitney*, 114 U.S. 564 (1885)] favorably and reiterated the traditional rule that a prisoner seeking release from confinement must sue his "jailer." 410 U.S., at 495, 93 S. Ct. 1123 (internal quotation marks omitted).

542 U.S. at 438. Citation omitted. Emphasis added.

16. This Court also cited *Padilla* regarding its so-called "second subquestion". 542 U.S. at 442. Here the Supreme Court discussed which particular district court has jurisdiction to hear the petitioner's case. This decision springs directly from the issue of the nature of the habeas petition, *i.e.*, whether it is a "core" or "non-core" challenge. Since the Court had already determined that Padilla's petition was a core challenge to his being held in custody, the only district court with jurisdiction over him had to be the District Court for the District of South Carolina, and not the Southern District of New York. 542 U.S. at 451. This decision is a logical one, and clearly flows from the rationale that Padilla's case was a core *habeas* petition.

17. However, as stated herein, the petition of Yousef is <u>not</u> a core petition. He does not seek his release from custody. He challenges (see discussion *infra*) the basis and continuing rationale for the imposition of the Special Administrative Measures upon him. This is a non-core *habeas* proceeding. Since, as laid out in the Yousef petition, the SAMs emanate, effectively, and for all practical purposes, from the Southern District of New York, the appropriate district court with jurisdiction over this issue is this Court.

18. Why both *Padilla* and *Jabarah* are inapplicable to the case at bar, is quite simple: Yousef does not seek through this action to challenge neither his conviction, nor, significantly, his conditions of confinement, something that the courts have made clear is an issue to be directed at the warden of the facility holding the inmate. Rather, Yousef challenges <u>the underlying basis</u> for the Special Administrative Measures to be imposed upon him.

19. First of all, in the administrative challenges that Yousef field with the Bureau of Prisons he was careful to make it clear that he was questioning the underlying basis for the SAMs to be applied to him. He did this through the entire process. Exhibit B to the filed petition contains the various BOP challenges that Yousef filed. For example, in the administrative challenge filed on July 27, 2010, Yousef expressly stated: "I challenge the ongoing

1    imposition and application of the SAM." This was re-iterated in his August

2    9th, 2010 challenge; his October 14th, 2010 challenge ("The response given

3    does not address the separate elements of the complaint.    Namely, why I

4    have not received written notification of the basis for the SAM, and the

5    reason for the ongoing imposition and application of the SAM in general, . .

6    ."); his October 21st, 2010 challenge; and his November 10th, 2010 challenge

7    ("I am dissatisfied with the response given because no specific reason was

8    given as to why there is a substantial risk in my communications or contacts

9    with others.").

10       20. Secondly, the accompanying Memorandum of Law lays out quite

11   clearly that Yousef is challenging the basis and rationale for the Justice

12   Department's continued application of the SAMs to him.  As set forth early

13   in the Memorandum,

14           Petitioner Yousef has been subjected to the Special Administrative
15           Measures since before his incarceration at ADX-Florence.  * * *  He
16           has, as further set forth below, exhausted his administrative remedies.
17           See **Exhibit B** for a copy of Petitioner Yousef's administrative
18           complaints and the responses of the Bureau of Prisons.  The gravamen
19           of his complaint, and the basis for this *habeas* petition is that the
20           Government has failed to adequately set forth the basis for his
21           continued incarceration under the SAMs.  After having been in United
22           States custody (and almost the entire time in solitary confinement) for
23           a period of sixteen years, the argument that he is a threat to society, or
24           that there is a substantial risk that his communications will lead to
25           "death or serious bodily injury" tends (to be kind) to become
26           somewhat suspect and clearly merits the impartial and unbiased eye of
27           a federal district court.

1    Yousef Memorandum of Law at pp. 5-6.  Footnotes omitted.

2    21. It is made clear, over and over, throughout the Memorandum of Law

3    that Yousef is not challenging the individual conditions of confinement that

4    the SAMs have imposed.  For example, in the discussion of the Prison

5    Litigation Reform Act, 42 U.S.C. § 1997e, Yousef argues that it does not

6    cover the instant court proceeding, as he is directing his challenge to his

7    particular designation as a person who ought to be subject to the SAMs.

8    Yousef Memorandum at pp. 11-19.  This position is re-iterated in the

9    discussion of the application of the Administrative Procedure Act to the

10   issuance of the SAMs regulation, 28 C.F.R. § 501.3.   See Yousef

11   Memorandum at pp. 29-30.  Further on, in the discussion regarding the

12   internal procedures of the Justice Department in actual requests by U.S.

13   Attorneys for issuance of SAMs, the focus is solely upon the criteria that the

14   Justice Department is to apply in making the SAMs regulation applicable to

15   an inmate.  See Yousef Memorandum at pp. 30-34.  The Memorandum also

16   provides a detailed discussion of and analysis of the reasons, such as they

17   are, they the SAMs have been applied to petitioner Yousef.  See Yousef

18   Memorandum at pp. 42-46.  Finally, the "Summary and Relief Requested",

19   make it clear that this case or controversy is solely related to the issue of

1   whether Ramzi Yousef should be subject to the Special Administrative

2   Measures, *viz.*,

3   　　　The issue and question then presents itself as to what
4   　　Remedy can this forum provide to him? First and foremost, he,
5   　　and his counsel, must be provided with the reasons that the
6   　　Attorney General, or his lawful designee, have decided that he
7   　　is subject to the provisions of § 501.3(a). As the SAMs, as laid
8   　　out in **Exhibit A**, make clear, there is no basis for them; they
9   　　are merely a *fait accompli*. But, if we go a bit further, and
10  　　review the responses of the Bureau of Prisons (as set forth in
11  　　**Exhibit B**) it is clear that that the position of the BOP (*i.e.*, the
12  　　Justice Department) is that Yousef is subject to Section
13  　　501.3(a) due to his convictions in the mid-1990s. From that
14  　　fact with which Yousef certainly does not contest, the Justice
15  　　Department takes the leap that he is one whose "communica-
16  　　tions or contacts with others could result in death, serious
17  　　bodily injury or substantial damage to property that would
18  　　entail risk of death or serious bodily injury." Why one should
19  　　lead to the other is not explained. It is as conclusory a
20  　　statement as one can possibly find, and is, in and of itself, no
21  　　evidence that would support imposition of the SAMs.

22  Yousef Memorandum of Law at pp. 47-48.

23  22. The Petitioner also objects to the *sua sponte* dismissal and transfer of

24  his cause of action to the District of Colorado. Yousef was never given the

25  opportunity to present his claims in court, and, indeed, the Government

26  never even responded to the *habeas* petition. In general, such a *sua sponte*

27  dismissal is disfavored by the courts. As this Circuit stated in *Thompson v.*

28  *Choinski*, 525 F.3d 205 (2d Cir. 2008), dismissal without the chance to

29  present one's case, on the court's own motion, is looked upon with suspicion

by the courts, and may even serve, in itself, as a basis for reversal of the district court's actions.  As the Circuit put it,

> The district court dismissed Thompson's claims *sua sponte* without giving him a chance to be heard in opposition. We have repeatedly cautioned against this practice because, among other reasons, providing notice and an opportunity to be heard "avoids the risk that the court may overlook valid answers to its perception of defects in the plaintiff's case." *Snider v. Melindez*, 199 F.3d 108, 113 (2d Cir. 1999).  Indeed, "dismissal in such a manner may be, 'by itself, grounds for reversal.' " *See id.* (citing *Square D Co. v. Niagara Frontier Tariff Bureau, Inc.*, 760 F.2d 1347, 1365 (2d Cir. 1985) (Friendly, J.)).

525 F.3d at 209 n. 3.

23.  This *sua sponte* dismissal of Yousef's petition and transfer to the District of Colorado denied him even the minimal opportunity to present his case before the Court.

WHEREFORE, Declarant respectfully requests that this Court grant the relief sought in the annexed motion, together with all such further relief as this Court shall deem just and proper.

Respectfully submitted,

Bernard V. Kleinman, Esq.
Attorney for Petitioner YOUSEF

Dated:  Sept. 2, 2011
White Plains, NY

[14]

## **CERTIFICATE OF SERVICE**

I am Bernard V. Kleinman, attorney of record for the named Petitioner, Ramzi Yousef, herein, and I do affirm, under pain of penalty of the laws of the United States of America, that on the 2d day of September 2011, I did serve the annexed Notice of Motion, Declaration and Memorandum of Law, and annexed exhibits, on David Raskin, Esq., Assistant U.S. Attorney for the Southern District of New York, at 1 St. Andrews Plaza, New York, NY 10007, the address so designated by said attorney for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in — a post office — official depository under the exclusive care and custody of the United States Postal Service within the State of New York, and did duly file a copy with this Court under ECF.

Dated:  Sept. 02, 2011
       White Plains, NY

_____
Bernard V. Kleinman

[1]

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                      :

United States of America,
                                       :

                                       :   93 CR 180 (KTD)

        -against-                 :

                                       :   ORDER

Ramzi Yousef,
                                       :

                Respondent.    :

                                         :
------------------------------------X

KEVIN THOMAS DUFFY, U.S.D.J.:

      I appoint Bernard V. Kleinman, as counsel from the C.J.A. panel for this district, to represent Ramzi Yousef, the defendant in the captioned case.

SO ORDERED.

Dated:   New York, N.Y.
        April 8, 2010

                                                   KEVIN THOMAS DUFFY, U.S.D.J.

# EXHIBIT B

Westlaw.

Slip Copy, 2011 WL 3422834 (S.D.N.Y.)
(Cite as: 2011 WL 3422834 (S.D.N.Y.))

**H**
Only the Westlaw citation is currently available.

United States District Court,
S.D. New York.
UNITED STATES of America,
v.
Ramzi YOUSEF, Respondent.

No. 93–cr–00180 (KTD).
July 22, 2011.

*MEMORANDUM & ORDER*
KEVIN THOMAS DUFFY, District Judge.
**\*1** Petitioner Ramzi Yousef ("Petitioner") brings this petition for habeas corpus pursuant to 28 U.S.C. § 2255, claiming that the Special Administrative Measures ("SAMs") applied to him during his incarceration violate his constitutional rights.

For the reasons set forth below, the petition is DENIED for lack of jurisdiction.

I. BACKGROUND
Petitioner is currently incarcerated at the Federal Bureau of Prisons U.S.P. Administrative Maximum in Florence, Colorado, for charges related to the 1993 World Trade Center bombing and Bojinka airliner bombing plot. He is subject to SAMs, by which the Attorney General sets forth detailed conditions of confinement, pursuant to 28 C.F.R. § 501.3(a). SAMs are implemented when "there is a substantial risk that a prisoner's communications or contacts with persons could result in death or serious bodily injury to persons, or substantial damage to property that would entail the risk of death or serious bodily injury to persons." 28 C.F.R. § 501.3(a).<sup>FN1</sup> As of October 2001, Petitioner's SAMs are authorized for one year periods and have been renewed annually since being issued by the Justice Department in 1997.

> FN1. During his original trial in 1996 it was found that Petitioner was collecting urea in his cell. Urea was a main ingredient

in the WTC bomb. Petitioner also attempted to obtain the particular type of cheap wristwatch that had been used as the timing device in the Bojinka plot.

By these measures, Petitioner is not allowed meetings with physical contact, cannot share a cell with other inmates, and is limited from communicating with other inmates. The SAMs limit the volume, frequency and permitted recipients of Petitioner's communications (oral, written or recorded) with all persons including his attorney(s); permit examination, delay, and analysis of said communications; and limit his access to publications. Petitioner previously challenged the SAMs with the Federal Bureau of Prisons, requesting both notice of the reasons for their continued application and for the SAMs to be lifted. These requests have been denied. On June 17, 2011, Petitioner filed the instant habeas petition.

II. DISCUSSION
Since Petitioner's § 2255 motion is "challenging the conditions of [his] confinement," it is properly brought as a habeas claim pursuant to 28 U.S.C. § 2241. *Jabarah v. Garcia,* No. 08 Civ. 3592(DC), 2010 WL 3834663, at \*4 (S.D.N.Y. Sept. 30, 2010) (citing *Thompson v. Choinski,* 525 F.3d 205, 209 (2d Cir.2008)). The Supreme Court held in *Rumsfeld v. Padilla,* 542 U.S. 426 (2004), that "for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement," and that the proper respondent "is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Id.* at 435, 443; *Drakoulis v. Ashcroft,* 356 F.Supp.2d 367, 370 (S.D.N.Y.2005). Therefore, the proper venue for Petitioner's claims is the district where he is in custody. *Jabarah,* 2010 WL 3834663, at \*3; *see also Santulli v. United States,* No. 02 Civ. 8664(SAS), 2003 WL 21488084, at \*2 (S.D.N.Y. June 25, 2003).

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Page 2

Slip Copy, 2011 WL 3422834 (S.D.N.Y.)
(Cite as: 2011 WL 3422834 (S.D.N.Y.))

Accordingly, this Court "may decline to enter-
tain an application for a writ of habeas corpus and
may transfer the application ... to the district court
having jurisdiction to entertain it." 28 U.S .C. §§
1631. Because this Court lacks jurisdiction, it does
not reach the merits of Petitioner's claims. *See
Rumsfeld,* 542 U.S. at 430.

III. CONCLUSION
   *2 For the reasons set forth above, this action
is transferred to the United States District Court for
the District of Colorado.

   SO ORDERED.

S.D.N.Y.,2011.
U.S. v. Yousef
Slip Copy, 2011 WL 3422834 (S.D.N.Y.)

END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

# APPENDIX G

# [Under Seal]

# APPENDIX H

# [Under Seal]

# APPENDIX I

# BERNARD V. KLEINMAN
## ATTORNEY - AT - LAW
TWO GANNETT DRIVE, SUITE 418
WHITE PLAINS, NY 10604-3404

TEL: (914) 644-6660          EMAIL: attrnylwyr@yahoo.com          FAX: (914) 694-1647

January 10th, 2011

Hon. Kevin T. Duffy
U.S. District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: United States v. RAMZI YOUSEF, 93-cr-00180

Your Honor,

As you may recall, I was appointed by the Court, effective April 8th, 2010, to represent Mr. Yousef in a pending habeas proceeding.

At this time I would respectfully request that the Court grant me the assistance of a para-legal to be paid under the Criminal Justice Act.

As the Court is aware this case has a long and involved history. Furthermore, the issues with regard to my client's confinement, the Special Administrative Measures, and other relevant issues, involve significant records and documents that will require the assistance of a para-legal for organization, review, etc. In addition thereto, an assignment by the Court will permit me to allow her access to materials (and my client) that she may nevertheless be precluded from assisting me on under the SAMs.

I would request that the Court grant me permission to secure the services of Ms. Laura Sturtz. She has previously been appointed my para-legal in CJA cases before the Hon. John Koeltl, and the late Judge David Trager. I would also request that she be paid at a rate of $50 per hour, with a maximum of fifteen (15) hours per week, and that she be permitted to submit, subject to my review, interim vouchers.

Your attention to this request is appreciated.

Respectfully submitted,

Bernard V. Kleinman

# APPENDIX J

**CJA 21 AUTHORIZATION AND VOUCHER FOR EXPERT AND OTHER SERVICES** (Rev. 05/10)

| 1. CIR./DIST./ DIV. CODE | 2. PERSON REPRESENTED | | VOUCHER NUMBER |
|---|---|---|---|
| 3/COLO | Ramzi Ahmed Yousef | | |

| 3. MAG. DKT./DEF. NUMBER | 4. DIST. DKT./DEF. NUMBER | 5. APPEALS DKT./DEF. NUMBER | 6. OTHER DKT. NUMBER |
|---|---|---|---|
| | 93CR180 (KTD) | | |

| 7. IN CASE/MATTER OF *(Case Name)* | 8. PAYMENT CATEGORY | 9. TYPE PERSON REPRESENTED | 10. REPRESENTATION TYPE *(See Instructions)* |
|---|---|---|---|
| USA v Yousef | ☒ Felony ☐ Petty Offense ☐ Misdemeanor ☐ Other ☐ Appeal | ☒ Adult Defendant ☐ Appellant ☐ Juvenile Defendant ☐ Appellee ☐ Other | CA |

11. OFFENSE(S) CHARGED (Cite U.S. Code, Title & Section) *If more than one offense, list (up to five) major offenses charged, according to severity of offense.*

### REQUEST AND AUTHORIZATION FOR EXPERT SERVICES

**12. ATTORNEY'S STATEMENT**

As the attorney for the person represented, who is named above, I hereby affirm that the services requested are necessary for adequate representation. I hereby request:
☐ Authorization to obtain the service. Estimated Compensation and Expenses: $ _____ OR
☐ Approval of services already obtained to be paid for by the United States pursuant to the Criminal Justice Act. *(Note: Prior authorization should be obtained for services in excess of $800, excluding expenses)*

Signature of Attorney _____   Date _____

☐ Panel Attorney   ☐ Retained Attorney   ☐ Pro-Se   ☐ Legal Organization
ATTORNEY'S NAME *(First Name, M.I., Last Name, including any suffix)*, AND MAILING ADDRESS

*Bernard Klenman*

Telephone Number: _____

| 13. DESCRIPTION OF AND JUSTIFICATION FOR SERVICES *(See Instructions)* | 14. TYPE OF SERVICE PROVIDER | |
|---|---|---|
| | 01 ☐ Investigator | 15 ☐ Other Medical |
| | 02 ☐ Interpreter/Translator | 16 ☐ Voice/Audio Analyst |
| | 03 ☐ Psychologist | 17 ☐ Hair/Fiber Expert |
| | 04 ☐ Psychiatrist | 18 ☐ Computer (Hardware/ Software/Systems) |
| **15. COURT ORDER** | 05 ☐ Polygraph | |
| Financial eligibility of the person represented having been established to the Court's satisfaction, the authorization requested in Item 12 is hereby granted. | 06 ☐ Documents Examiner | 19 ☒ Paralegal Services |
| | 07 ☐ Fingerprint Analyst | 20 ☐ Legal Analyst/Consultant |
| | 08 ☐ Accountant | 21 ☐ Jury Consultant |
| Signature of Presiding Judge or By Order of the Court | 09 ☐ CALR (Westlaw/Lexis, etc.) | 22 ☐ Mitigation Specialist |
| | 10 ☐ Chemist/Toxicologist | 23 ☐ Duplication Services *(See Instructions)* |
| Date of Order _____  Nunc Pro Tunc Date _____ | 11 ☐ Ballistics | |
| Repayment or partial repayment ordered from the person represented for this service at time of authorization. | 12 ☐ Weapons/Firearms/Explosive Expert | 24 ☐ Other (Specify) |
| ☐ YES   ☐ NO | 13 ☐ Pathologist/Medical Examiner | |

| CLAIM FOR SERVICES AND EXPENSES | | FOR COURT USE ONLY | |
|---|---|---|---|
| **16. SERVICES AND EXPENSES** *(Attach itemization of services with dates)* | AMOUNT CLAIMED | MATH/TECHNICAL ADJUSTED AMOUNT | ADDITIONAL REVIEW |
| a. Compensation | | | |
| b. Travel Expenses *(lodging, parking, meals, mileage, etc.)* | | | |
| c. Other Expenses | | | |
| **GRAND TOTALS (CLAIMED AND ADJUSTED):** | | | |

**17. PAYEE'S NAME AND MAILING ADDRESS**

TIN: _____

Telephone Number: _____

CLAIMANT'S CERTIFICATION FOR PERIOD OF SERVICE FROM _____ TO _____

CLAIM STATUS   ☐ Final Payment   ☐ Interim Payment Number _____   ☐ Supplemental Payment

I hereby certify that the above claim is for services rendered and is correct, and that I have not sought or received payment *(compensation or anything of value)* from any other source for these services.

Signature of Claimant/Payee _____   Date _____

**18. CERTIFICATION OF ATTORNEY** I hereby certify that the services were rendered for this case.

Signature of Attorney _____   Date _____

### APPROVED FOR PAYMENT — COURT USE ONLY

| 19. TOTAL COMPENSATION | 20. TRAVEL EXPENSES | 21. OTHER EXPENSES | 22. TOTAL AMOUNT APPROVED/CERTIFIED |
|---|---|---|---|
| | | | |

23. ☐ Either the cost *(excluding expenses)* of these services does not exceed $800, or prior authorization was obtained.
☐ Prior authorization was not obtained, but in the interest of justice the Court finds that timely procurement of these necessary services could not await prior authorization, even though the cost *(excluding expenses)* exceeds $800.

_____   _____   _____
Signature of Presiding Judge   Date   Judge Code

| 24. TOTAL COMPENSATION | 25. TRAVEL EXPENSES | 26. OTHER EXPENSES | 27. TOTAL AMOUNT APPROVED |
|---|---|---|---|
| | | | |

28. PAYMENT APPROVED IN EXCESS OF THE STATUTORY THRESHOLD UNDER 18 U.S.C. § 3006A(e)(3)

_____   _____   _____
Signature of Chief Judge, Court of Appeals (or Delegate)   Date   Judge Code

# APPENDIX K

# [Under Seal]

# APPENDIX L

# [Under Seal]