IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 12-cv-02585-RPM

RAMZI YOUSEF,

     Applicant,

v.

UNITED STATES OF AMERICA,

     Respondent.

_____

Amended ORDER TO PROCEED
_____

In its Response to Ramzi Yousef's Application for Writ of Habeas Corpus, filed

on January 31, 2013, the government Respondent asserts that the Application should

be denied because Yousef is challenging the conditions of his confinement, an issue

said not to be cognizable under 28 U.S.C. § 2241.  The contention is that Yousef must

proceed by filing a civil action for injunctive relief.  He did that shortly after his

confinement at the United States Penitentiary - Administrative Maximum ("ADX") in

Florence, Colorado, with the imposition of Special Administrative Measures (SAMs)

under Bureau of Prisons Regulations, 28 C.F.R. § 501.3.  That civil action was

dismissed without prejudice for failure to exhaust administrative remedies.  *See Yousef*

*v. Reno,* 254 F.3d 1214 (10th Cir. 2001).

The Application now before this court was filed in the United States District Court

for the Southern District of New York, the sentencing court, as a motion under 28 U.S.C.

§ 2255.  That court denied relief for lack of jurisdiction, saying that since Yousef was

"challenging the conditions of confinement, his petition is properly brought as a habeas

claim pursuant to 28 U.S.C. § 2241," and that jurisdiction lies in the district in which he is confined.  Accordingly, the case was transferred to this court.

In taking that action, the court cited *Thompson v. Choinski,* 525 F.3d 205, 209 (2d Cir. 2008), holding that § 2241 applies to challenges to conditions of confinement imposed in the execution of a sentence.

The gravamen of this Application is that the renewals of SAMs for more than sixteen years without adequate explanation or justification violates this inmate's limited liberty interest protected by the due process clause of the Fifth Amendment to the United States Constitution.  This is not a challenge to the conditions of confinement resulting from SAMs; it is a claim that the procedure followed in imposing those restrictions is unconstitutional.  The contention is that the Bureau of Prisons has abused the authority delegated it by the Attorney General under 28 C.F.R. § 501.3 and denied Yousef any opportunity to challenge the continuation of the SAMs, making the process fundamentally unfair.

In essence, this is a core challenge to the authority of the government to hold Yousef under SAMs with no opportunity to contest the reasons for such a severe restriction of what limited liberty he would have as a prisoner at ADX who does not have a SAMs designation.  Such a due process challenge is properly heard in habeas proceedings.

The applicant has asked for an evidentiary hearing and discovery.  There is no prescribed procedure for adjudicating the merits of this application.  To enable this action to go forward, it is

ORDERED, that a hearing will be held at a time to be set upon consultation with counsel to develop a case management order for further proceedings in this action.

DATED: May 23rd, 2013

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior Judge