# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-2585-RPM

RAMZI YOUSEF,

     Applicant,

v.

UNITED STATES OF AMERICA,

     Respondent.

_____

## PROTECTIVE ORDER
_____

Pursuant to Fed. R. Civ. P. 26(c), and upon a showing of good cause in support of the entry of this Protective Order to protect the production, discovery, and dissemination of confidential information and/or sensitive data or records, IT IS HEREBY ORDERED:

1. The purpose of this Protective Order is to establish procedures for the handling of documents, material and information included in court filings or provided in discovery in this litigation in a manner consistent with the Special Administrative Measures imposed on Applicant Ramzi Yousef ("Applicant," aka "Petitioner") and in a manner consistent with the security interests of Respondent the United States of America ("Respondent") and the privacy interests of Applicant and other individuals who are not parties to this case, and in accordance with the applicable rules of the Federal Rules of Civil Procedure and Local Rules for the District of Colorado.

2. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Applicant's use of all documents, materials and/or information provided by

Respondent in court filings or in discovery shall be limited to this litigation, and shall not be used for any purpose except the preparation and trial of this case. The protections granted by this Protective Order shall not be waived.

4.      Applicant's attorney shall not disclose documents, materials and/or information provided by Respondent and shall not disclose the contents of Applicant's communications to any individual or entity except the following:  (a) the Court; (b) the attorneys of record; (c) persons regularly in the employ of such attorneys; (d) any experts, para-legals or consultants specifically retained for this case by the parties or their attorneys or duly appointed by this Court; (e) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this matter; and (f) except as to documents, materials and/or information designated as "CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY" pursuant to paragraph 7 of this Protective Order, the Applicant.  Except as to the Court, the attorneys of record and the Applicant, Applicant's attorney may provide documents, materials and/or information to such persons only if they have signed the acknowledgment form attached at Exhibit A.  Applicant's attorney shall require all persons permitted to have access to any documents, materials and/or information covered by this Order to sign Exhibit A indicating that they have read and agree to be bound by the terms of this Protective Order.  All persons provided access to the documents, materials and/or information pursuant to this paragraph shall not use them for any purpose other than this pending litigation as set forth in Exhibit A.

5.      In addition to the foregoing limitations restricting the use of all documents, materials and/or information described in paragraph 1 of this Protective Order, certain documents shall be marked "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY" pursuant to this Protective Order.  Either party may designate a document as "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY" in accordance with the terms of this Protective Order.  The burden of proving that a document, materials,

and/or information is properly designated as "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY" is on the party seeking the designation. Prior to making such a designation, the party claiming confidentiality must make a bona fide determination that the material is, in fact, confidential or sensitive information. Any document designated as "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY", and reproduced as an exhibit or otherwise in any filing with this Court, shall have, prominently displayed on each such page, its subject designation as "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY".

6. Documents, materials and/or information that can be marked "CONFIDENTIAL" are correspondence and other written material generated by Applicant; correspondence received by Applicant; translations of written material generated and received by Applicant; and documents, the disclosure of which would be an unwarranted invasion of personal privacy of Applicant or other individuals who are not parties to this case. If Respondent produces to Applicant a document that would otherwise be protected by the Privacy Act of 1974, this Protective Order is an order of the Court pursuant to 5 U.S.C. § 552a(b)(11) which allows for such production.

7. Documents, materials and/or information that are marked "CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY" pursuant to this Protective Order shall not be disclosed to or discussed with Applicant. The documents, materials and information that can be marked "CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY" are correspondence to Applicant that was rejected under the SAMs and not provided to Applicant and documents, materials and/or information about such rejected incoming correspondence or about other inmates, statements and actions of other terrorists or any other matters which, if disclosed to Applicant, would undermine the SAMs.

8.      A party may object to the designation of particular information as "CONFIDENTIAL," or "CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY" by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the dispute cannot be informally resolved within ten (10) business days of submission of the issue, it shall be the obligation of the designating party to seek review from the Court of the disputed designation by filing an appropriate motion with the Court. If any motion filed pursuant to this paragraph contains information derived from documents marked "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY" pursuant to this Protective Order, the motion shall be filed as a restricted document in accordance with the terms of D.C.COLOLCivR 7.2.D, and the opposing party shall have fourteen (14) days to file an appropriate motion to restrict access.

9.      In an effort to avoid any inadvertent disclosure of sensitive information or inadvertent violation of the SAMs or the SAMs affirmation signed by Applicant's attorney, all documents filed by Applicant's attorney which include the content of Applicant's communications will be initially filed as a restricted document in accordance with D.C.COLOLCivR 7.2.D. Within seven (7) days of the filing, Respondent will notify Applicant's attorney of which portions, if any, of the filing Respondent believes should remain restricted. If agreement cannot be reached regarding the continued restricted access of the filing, it shall be the obligation of the Respondent to seek review from the Court of the dispute by filing an appropriate motion with the Court within fourteen (14) days of the filing.

10.     In addition, documents that have been designated "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY" pursuant to this Protective Order, if attached to a public filing, will be filed as a restricted document in accordance with D.C.COLOLCivR 7.2.D. Additionally, Applicant's attorney shall submit as restricted any other filings, including without limitation substantive motions and briefs, if such filings contain

information derived from documents produced under this Protective Order that have been designated "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY." However, Applicant's attorney may, if properly segregable, file substantive motions or pleadings, designating as sealed those portions that are properly subject to the Projective Order, and designating as publicly available those portions that are not. In accordance with D.C.COLO.LCivR 7.2.D, either contemporaneously or within fourteen (14) days of the filing of the pleading or document, either party may file a motion to restrict access to the pleading or document. Either party may, within fourteen (14) days of any such filing, move before this Court for an Order seeking the public filing of any document or pleading, or potion thereof, that has been filed under seal.

11. Whenever a deposition references information marked "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY," the deposition or portions thereof, including related exhibits, shall be designated as "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY." Such designation shall be made on the record during the deposition whenever possible, but a party may designate a deposition or portions thereof as "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY" after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript. Any party objecting to such a declared designation of either "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY", may file an objection with the Court within fourteen (14) days after the designation has been made.

12. Applicant's attorney shall not disclose documents, materials and/or information provided in connection with this litigation, or information contained therein, except as permitted by court order, as permitted by the terms of Exhibit A, or as consented to by counsel for Respondent.

13. Within thirty (30) days after the final termination of this litigation, Applicant's attorney shall either return to counsel for Respondent or destroy all documents, materials and/or information produced to Applicant's attorney pursuant to this Protective Order. Applicant's attorneys shall provide, within sixty (60) days after the termination of this litigation, a written certification to counsel for Respondent affirming that any documents, materials and/or information produced to Applicant's attorney pursuant to this Protective Order have been destroyed or returned to counsel for Respondent. To effect disposal of electronically-stored information, Applicant's attorneys shall provide, within sixty (60) days after the termination of this litigation, a written certification to counsel for Respondent that all electronic media containing artifacts of information subject to this Protective Order have been sanitized or destroyed such that the information is irretrievable.

14. This Protective Order does not constitute any ruling on the question of whether any particular document or category of information is properly discoverable and does not constitute any ruling on, or constitute a waiver of, any potential objection to the discoverability, relevance or admissibility of any documents, material or information, other than objections based on the Privacy Act.

15. This Protective Order does not apply to the disclosure of any classified national security information or any information subject to a claim of privilege or other basis of exclusion, and this Protective Order shall not be precedent for adopting any procedure with respect to the disclosure of any such other information.

16. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED this ___ day of __September_____, 2013.

BY THE COURT:

                                                s/Richard P. Matsch
                                        _____
                                        Richard P. Matsch
                                        Senior Judge

**Attachment A**

**Acknowledgment Form for
Protective Order**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-2585-RPM

RAMZI YOUSEF,

    Applicant,

v.

UNITED STATES OF AMERICA,

    Respondent.

_____

**ACKNOWLEDGMENT FORM FOR PROTECTIVE ORDER**
_____

    I, _____, acknowledge that I have read and understand the Protective Order ("Order") in this action. I agree to be bound by its terms.

    1.    I will use documents, materials and/or information designated as subject to the Order only for purposes of this litigation and not for any other purpose. I will not disclose any such documents, materials and/or information except to the following: (a) the Court; (b) the attorneys of record; (c) persons regularly in the employ of such attorneys; (d) any experts or consultants specifically retained for this case by the parties or their attorneys; (e) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this matter; and (f) the Plaintiff, except for any document, materials and/or information designated "CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY," which I will not disclose to Applicant.

    2.    At the termination of this litigation or when I am no longer assigned or retained to work on this case, I will return all documents subject to the Order to counsel for Respondent, or to counsel for Applicant. Counsel for Applicant will, within thirty (30) days after the final termination of this litigation, either return such documents to counsel for Respondent or destroy such documents. I (or Applicant's counsel) will provide, within sixty (60) days after the termination of this litigation, a written certification to counsel for Respondent affirming that any documents in my possession that contain information subject to the Order have been destroyed or returned to Respondent.

    3.    Within sixty (60) days after termination of this litigation, I (or Applicant's counsel) will provide a written certification to counsel for Respondent affirming that all electronic media in my possession containing artifacts of information subject to the Order have been sanitized or destroyed such that the information is irretrievable.

      4.      My duties herein shall survive the termination of this case and are binding upon me for all time. I consent to the personal jurisdiction of the Court for the purpose of enforcing the aforementioned Order, including for imposition of any penalty associated with violation of the Order.

Dated: _____                _____
                                                             [signature]

                                                      _____
                                                             [print name]