# Exhibit 1

# Declaration of Associate Warden Shon M. Kuta

*Yousef v. United States*
Civil Action No. 12-cv-2585-RPM

AO 245B (Rev. 3/95) Sheet 1 - Judgment in a Criminal Case

8148-G.P. Steele

BOP

# United States District Court

## Southern District of New York

UNITED STATES OF AMERICA
v.

RAMZI AHMED YOUSEF

**JUDGMENT IN A CRIMINAL CASE**

(For Offenses Committed On or After November 1, 1987)

Case Number: S12 1:93CR00180-004 (KTD)

ROY KULCSAR AND NANCY ENNIS

Defendant's Attorney

RECEIVED
JAN 16 1998
COMMUNITY CORRECTIONS
NEW YORK, NEW YORK

**THE DEFENDANT:**

☐ pleaded guilty to count(s)

☐ pleaded nolo contendere to count(s) which was accepted by the court.

☒ was found guilty on count(s) 1-10, AND 12-19 after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. ' 371 | Conspiracy to destroy by explosives buildings, vehicles and property. | 02/23/1996 | 1 |
| 18 U.S.C. ' 844 (i) and 2. | Damaging or destroying WTC complex by explosive, causing injury or death. | 02/26/1993 | 2 |
| 18 U.S.C. ' 844 (f) and 2. | Damaging or destroying buildings, vehicles, owned or leased by U.S. Govt. | 02/26/1993 | 3 |
| 18 U.S.C. ' 844 (d) and 2. | Transporting explosive materials in interstate commerce w/i to destroy building, vehicles. | 02/26/1993 | 4 |

See Additional Counts of Conviction - Sheet 1.01

The defendant is sentenced as provided in pages 2 through 4 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) (is)(are) dismissed on the motion of the United States.

Underlying Indictments Nolled as to Yousef only on oral motion of govt.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: Unknown

Defendant's Date of Birth: 04/27/1968

Defendant's USM No.: 03911-000

Defendant's Residence Address:

MCC Park Row

New York NY 10007

Defendant's Mailing Address:

MCC Park Row

New York NY 10007

01/08/1998

Date of Imposition of Judgment

Signature of Judicial Officer

KEVIN THOMAS DUFFY

U.S. DISTRICT JUDGE

Name & Title of Judicial Officer

1/8/98

Date

Cert as True Copy by Paul [illegible] Date 1/8/98

[Page image is a reverse bleed-through / mirror image of the following page; content is illegible in normal reading orientation.]

DEFENDANT: RAMZI AHMED YOUSEF

CASE NUMBER: 1:93CR00180-004

# ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. ' 33 34 and 2. | Destruction by improvised explosive device of a Ryder Van , causing death. | 02/26/1993 | 5,6 |
| 18 U.S.C. ' 1952 and 2. | Violation of Travel Act. | 09/01/1992 | 7 |
| 18 U.S.C. ' 111 and 2. | Assault upon a federal officer with deadly weapon. | 02/26/1993 | 8 |
| 18 U.S.C. ' 924 (c) and 2. | Using and carrying destructive device in relation to assault of federal officer. | 02/26/1993 | 9,10 |
| 18 U.S.C. ' 371 | Conspiracy to damage and destroy aircraft. | 02/23/1996 | 12 |
| 18 U.S.C. ' 32 (a)(1) and | (7). Attempt to damage or destroy aircraft. | 01/31/1995 | 13 |
| 18 U.S.C. ' 32 (a)(2) and | (7). Attempt to bomb U.S. Commercial Airliners. | 01/31/1995 | 14 |
| 18 U.S.C. ' 2332 (b) & (d). | Consp. to kill a national of U.S w/i to retaliate against a govt. | 02/23/1996 | 15 |
| 18 U.S.C. ' 2332 a. | Consp. to unlawfully use bomb against nationals of U.S. outside of U.S. | 02/23/1996 | 16 |
| 18 U.S.C. ' 924 (c) and 2. | Use and carry of a firearm during and in relation to crime of violence. | 01/31/1995 | 17,18 |
| 18 U.S.C. ' 32 (b)(3), 34 | and 2. Bombing Civil Aircraft. | 12/11/1994 | 19 |

Cert as True Copy
by Paul Ryder
Date. 1/8/98

DEFENDANT: RAMZI AHMED YOUSEF

CASE NUMBER: 1:93CR00180-004

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 240 year(s).

**180 years on counts 1-8. Thirty years on each of counts 9 and 10, to run consecutive to counts 1-8. LIFE on counts 12-19 to be served consecutively to counts 1-10.**

☒ The court makes the following recommendations to the Bureau of Prisons:

**Defendant is to be incarcerated in the detention facility of Florence, Colorado or at some other administrative detention facility.**

**The defendants visitors list is to be restricted to his attorneys. The prison should not permit friends, family members, gawkers or media reporters to visit the defendant.**

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

- ☐ at ______________ a.m./p.m. on ______________.
- ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

- ☐ before 2 p.m. on ______________.
- ☐ as notified by the United States Marshal.
- ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

______________________________________________

______________________________________________

______________________________________________

Defendant delivered on ______________ to ______________

at ______________, with a certified copy of this judgment.

______________________________
UNITED STATES MARSHAL

By ______________________________
Deputy U.S. Marshal

Cert as True Copy by Paul Layne Date 1/5/98

DEFENDANT: RAMZI AHMED YOUSEF

CASE NUMBER: 1:93CR00180-004

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 3 year(s).

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☐ The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below).

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Cert as True Copy by Paul Lyman Date 1/8/98

DEFENDANT: RAMZI AHMED YOUSEF

CASE NUMBER: 1:93CR00180-004

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 900.00 | $ 4,500,000.00 | $ 250,000,000.00 |

☐ If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . . . . $ ____________

## FINE

The above fine includes costs of incarceration and/or supervision in the amount of $ ____________.

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ The interest requirement is waived.

☐ The interest requirement is modified as follows:

## RESTITUTION

☐ The determination of restitution is deferred in a case brought under Chapters 109A, 110, 110A and 113A of Title 18 for offenses committed on or after 09/13/1994, until ____________. An Amended Judgment in a Criminal Case will be entered after such determination.

☐ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | ** Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Totals: | $ ____________ | $ ____________ | |

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994.

Cert as True Copy by Paul Kysnor Date 1/8/96